# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:17-CR-148 |
| § | |
| MARCUS DWAYNE WILLIS § | |

## ORDER

Before the Court is Defendant Marcus Dwayne Willis's Motion to Terminate Defendant's Supervised Release Term. (Dkt. #2). The Court, having considered the Motion, the record, and the applicable law, **DENIES** the Motion.

## BACKGROUND

Marcus Willis pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. (Dkt. #1-3). The conspiracy involved underlying violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) for which he was not formally charged. Willis was sentenced in the Western District of Texas to one month of imprisonment and four years of supervised release. He began serving his supervised release on February 3, 2017 in the Eastern District of Texas and has now filed a motion to terminate the remainder of his supervised release under 18 U.S.C. § 3583(e)(1).[1] (Dkt. #2).

## LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a district court has broad discretion to terminate supervised release after one year of release. 18 U.S.C. § 3583(e)(1); *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). A court may do so if it determines that termination "is warranted by the

---

[1] Willis waived his right to a hearing on the motion. (Dkt. #2); *see* FED. R. CRIM. P. 32.1(c)(2)(A) (stating that a hearing on modifying the conditions of supervised release "is not required" if the defendant waives it); *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011) (unpublished).

conduct of the defendant released and the interest of justice" based on review of several factors set forth in 18 U.S.C. § 3553(a).[2] 18 U.S.C. § 3583(e); *Jeanes*, 150 F.3d at 484.

## DISCUSSION

Willis requests early termination of his supervised release under 18 U.S.C. § 3583(e)(1). He argues that his good behavior and low risk of recidivism entitle him to such termination. The Court disagrees.

To begin with, Willis's behavior upon release raises concern. As a part of his judgment, Willis is prohibited from drinking alcohol during his supervised release. (Dkt. #1-3). He violated that condition within ten days of release. (4:15-CR-123(1), Report on Offender Under Supervision Noncompliance Summary, Dkt. #135). Perhaps more concerning, Willis has been untruthful with the Court about his compliance record: "Since my release, I have received no infractions or violations of supervision and have complied with every condition thereof." (Dkt. #2 at 5). Willis's willingness to so quickly disregard the terms of his release and to later attempt to deceive the Court raises serious doubt about his assertion that "[t]he goals of supervision have been reached, and the need for further supervision is no longer needed." (Dkt. #2 at 1).

Courts nationwide have denied early termination even for those who *have* complied with their conditions of release. "[C]ourts have consistently declined to grant such relief just because the defendant has complied with his conditions." *United States v. Coker*, No. 4:06-CR-14(4), 2016 WL 11606620, at *1 (E.D. Tex. June 20, 2016) (internal quotation marks omitted) (collecting

---

[2] Specifically, section 3583(e) restricts a court's consideration to only the factors in "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). This excludes the factors in section 3553(a)(2)(A)—"the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(2)(A). Therefore, while a court is "free to consider the aims of deterrence and incapacitation," it may not consider the section 3553(a)(2)(A) factors. *United States v. Sanchez*, 900 F.3d 678, 683 (5th Cir. 2018).

cases); *see also Karacsonyi v. United States*, 152 F.3d 918, 918 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release."); *United States v. Jimenez*, 2012 WL 3854785, at *2 (S.D.N.Y., Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release.").

Instead, courts typically grant early termination in cases "where the defendant's behavior has been exceptionally good." *Coker*, 2016 WL 11606620, at *1 (internal quotation marks omitted). Willis has not demonstrated behavior that justifies early termination. To be sure, Willis has largely complied with the conditions of his supervised release. He has passed his drug tests and completed both his substance abuse and mental health counseling. Willis also continued to pay his child support arrearages, and he now maintains full-time employment and lives with his wife and stepchildren. But this is merely what was expected of Willis during his supervised release term, and does not rise to the level of *exceptionally* good behavior.

Further, Willis has not demonstrated any new or unforeseen circumstances or particular hardships that would result from completing his supervised release. *See Coker*, 2016 WL 11606620, at *1 (new or unforeseen circumstances); *United States v. Brown*, No. CRIM.A. 03-310, 2012 WL 4059887, at *2 (E.D. La. Sept. 14, 2012) (particular hardship). At most, he expresses the urge "to move on with [his] life." (Dkt. #2). Willis fails to acknowledge that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59, 120 S.Ct. 1114, 1118, 146 L.Ed. 2d 39 (2000). Completing his supervised release will serve that end, and the end of deterrence, which are particularly important given Willis's five prior arrests, including one for domestic violence assault. The "very low" risk of recidivism he claims, (Dkt. #2), is unpersuasive in the face of his conviction

for a drug offense *after* those numerous prior arrests. While Willis has generally adhered to the conditions of his release, there remains a risk of recidivism or noncompliance. *Jeanes*, 150 F.3d at 485 ("While lauding his behavior to date, the [district] court was careful to note that problems might arise in the future.").

Given Willis's violation of his conditions of release, misrepresentation of that violation to the Court, and arrest history, the Court is unpersuaded that early termination is warranted.

## CONCLUSION

It is therefore **ORDERED** that Defendant Marcus Dwayne Willis's Motion to Terminate Defendant's Supervised Release Term is **DENIED**. (Dkt. #2).

**So ORDERED and SIGNED this 9th day of January, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE